In re:  
Natasha Marie Miller  
    Debtor

Case No. 18-00139-RNO  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: TWilson     Page 1 of 1     Date Rcvd: Feb 27, 2018  
                  Form ID: pdf002     Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 01, 2018.

```
db              +Natasha Marie Miller,    1630 Matthew Dr,    York, PA 17404-8613
5011788         +Carmax Auto Finance,    12800 Tuckahoe Creek Pkwy,    Richmond, VA 23238-1124
5011789         +Carmax Auto Finance,    225 Chastain Meadows Ct,    Kennesaw, GA 30144-5897
5011787          DeArmond & Associates of York LLC,    18 S George St Ste 610,    York, PA 17401-1450
5011790         +Dept Of Ed/Navient,    123 Justison Street 3rd Floor,    Wilmington, DE 19801-5360
5011792         +ERC,    Po Box 57547,    Jacksonville, FL 32241-7547
5011794         +Medical Data Systems Inc,    2001 9th Ave Ste 312,    Vero Beach, FL 32960-6413
5011793         +Medical Data Systems Inc,    645 Walnut St Ste 5,    Gadsden, AL 35901-4173
5011786         +Miller Natasha Marie,    1630 Matthew Dr,    York, PA 17404-8613
5011795         +Navient,    123 Justison Street 3rd Floor,    Wilmington, DE 19801-5360
5021134         +Navient Solutions, LLC on behalf of,    NJHEAA,    PO BOX 548,    Trenton, NJ 08625-0548
5021258         +PHEAA,    PO Box 8147,    Harrisburg PA 17105-8147
5011800         +PHEAA,    Po Box 61047,    Harrisburg, PA 17106-1047
5011799         +PHEAA,    Po Box 61017,    Harrisburg, PA 17106-1017
5026631         +Pacific Union Financial, LLC,    7880 Bent Branch Drive #100,    Irving, Texas 75063-6046
5011798          Penn Waste, Inc.,    PO Box 3066,    York, PA 17402-0066
5011802        #+Verizon Wireless,    Po Box 26055,    Minneapolis, MN 55426-0055
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
5011791         +E-mail/PDF: pa_dc_ed@navient.com Feb 27 2018 19:10:46      Dept Of Ed/Navient,    PO Box 9635,
                  Wilkes Barre, PA 18773-9635
5016440         +E-mail/Text: vlazo@dyckoneal.com Feb 27 2018 19:12:59      Dyck-O'Neal, Inc.,    P.O. Box 601549,
                  Dallas, TX 75360-1549
5011796         +E-mail/PDF: pa_dc_claims@navient.com Feb 27 2018 19:11:07      Navient,    Po Box 9500,
                  Wilkes Barre, PA 18773-9500
5027062         +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 27 2018 19:10:45
                  PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5011797         +E-mail/Text: bankruptcy@loanpacific.com Feb 27 2018 19:13:04      Pacific Union Financial,
                  1603 LBJ Fwy Ste 500,    Farmers Branch, TX 75234-6071
5011801         +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Feb 27 2018 21:03:13      Regional Acceptance Corp,
                  1424 E Fire Tower Rd,    Greenville, NC 27858-4105
5013970          E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Feb 27 2018 21:03:13      Regional Acceptance Corporation,
                  PO Box 1847,    Wilson, NC 27894-1847
                                                                                              TOTAL: 7
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*             +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 01, 2018                                                           Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 27, 2018 at the address(es) listed below:

```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor   Pacific Union Financial, LLC bkgroup@kmllawgroup.com
              Keith B DeArmond    on behalf of Debtor 1 Natasha Marie Miller general.dearmondlaw@gmail.com,
               G10924@notify.cincompass.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 4
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Miller, Natasha Marie**

CHAPTER 13
CASE NO.

[X] ORIGINAL PLAN
[ ] AMENDED PLAN
    (Indicate 1st , 2nd , 3rd , etc.): [ ] Number of Motions to Avoid Liens
[ ] Number of Motions to Value Collateral

# CHAPTER 13 PLAN

## NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [ ] Included | [X] Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [ ] Included | [X] Not included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not included |

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the

1

Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**39,000.00**, plus other payments and property stated in§ 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payments | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1 | 60 | | | 650.00 | 39,000.00 |
| | | | | Total Payments: | 39,000.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: [ ] Debtor(s) is at or under median income*If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*
   [X] Debtor is over median income. Debtor calculates that a minimum of $**0.00** must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.

[ ] No assets will be liquidated.*If this line is checked, the rest of § 1.B need not be completed or reproduced.*
[ ] Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by_____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS**

   A. **Pre-Confirmation Distributions**Check one.

2

**[X]** *None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** Check one.

[ ] *None. If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

**[X]** Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Pacific Union Financial | 1630 Matthew Dr | 13 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** Check one.

[ ] *None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

**[X]** The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Pacific Union Financial | 1630 Matthew Dr | 15,000.00 | | 15,000.00 |

D. **Other secured claims (conduit payments and claims for which § 506 valuation is not applicable, etc.).**

**[X]** *None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** Check one.

**[X]** *None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

3

F.  **Surrender of Collateral** Check one.

   [X] None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G.  **Lien Avoidance**. *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

   [X] None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3.  **PRIORITY CLAIMS**

   A.  **Administrative Claims**

      1. Trustee fees.     Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. Attorney fees. Complete only one of the following options:

         a.   In addition to the retainer of $**500.00** already paid by the Debtor, the amount of $ **3,500.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

         b.   $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

      [X] None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B.  **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

      [X] None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   C.  **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** Check one of the following two lines.

      [X] None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4.  **UNSECURED CLAIMS**

   A.  **Claims of Unsecured Nonpriority Creditors Specially Classified** *Check one of the following two lines.*

4

Case 1:18-bk-00139-RNO    Doc 2    Filed 01/16/18    Entered 01/16/18 13:46:54    Desc
Main Document      Page 4 of 6
Case 1:18-bk-00139-RNO    Doc 15    Filed 03/01/18    Entered 03/02/18 00:51:48    Desc
Imaged Certificate of Notice    Page 5 of 7

**[X]** None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

B.  **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    **[X]** None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6.  **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    [ ]   plan confirmation.
    [ ]   entry of discharge.
    **[X]**   closing of case:

7.  **DISCHARGE: (Check one)**

    **[X]** The debtor will seek a discharge pursuant to § 1328(a).
    [ ] The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8.  **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: **Adequate protection payments**
Level 2: **Debtor's attorney's fees**
Level 3: **Domestic Support Obligations**
Level 4: **Priority Claims, pro rata**
Level 5: **Secured claims, pro rata**
Level 6: **Specially classified unsecured claims**
Level 7: **General unsecured claims**
Level 8: **Untimely filed unsecured claims to which the debtor has not objected**

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.

5

Case 1:18-bk-00139-RNO    Doc 2    Filed 01/16/18    Entered 01/16/18 13:46:54    Desc
Main Document    Page 5 of 6
Case 1:18-bk-00139-RNO    Doc 15    Filed 03/01/18    Entered 03/02/18 00:51:48    Desc
Imaged Certificate of Notice    Page 6 of 7

Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: **January 16, 2018**   */s/ Keith DeArmond*
                              Attorney for Debtor
                              */s/ Natasha Miller*
                              Debtor

                              _____
                              Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

6

Case 1:18-bk-00139-RNO    Doc 2    Filed 01/16/18    Entered 01/16/18 13:46:54    Desc
                    Main Document        Page 6 of 6
Case 1:18-bk-00139-RNO    Doc 15    Filed 03/01/18    Entered 03/02/18 00:51:48    Desc
              Imaged Certificate of Notice    Page 7 of 7